UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY JEROME THIGPEN, | Civil No. 05-1390 (JRT/AJB) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| WARDEN CARAWAY, | |
| Respondent. | |

Jeffrey Jerome Thigpen, # 10323-041, FPC P.O. Box 1000, Room #111, Dorm 211, Duluth, MN 55814-1000, petitioner *pro se*.

D. Gerald Wilhelm and Paul A. Murphy, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

This matter is before the Court on petitioner Jeffrey Jerome Thigpen's ("petitioner") objections[1] to Magistrate Judge Arthur J. Boylan's July 14, 2005 Report and Recommendation. The Magistrate Judge recommends that petitioner's petition for writ of habeas corpus[2] pursuant to 28 U.S.C. § 2241 be dismissed. The Court has reviewed *de novo* petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the petition.

---

[1] Petitioner filed two separate objections, which the Court considers together.

[2] The docket lists a federal petition for writ of habeas corpus and a separate motion for relief pursuant to 28 U.S.C. § 2241. It is apparent that these separate filings are both part of the same § 2241 petition.

## PROCEDURAL BACKGROUND

In 2002, Jeffrey Jerome Thigpen was convicted by a jury of multiple counts of health care fraud and money laundering, and he was sentenced to 51 months in federal prison.[3]  The Eighth Circuit affirmed his conviction and sentence on direct appeal. *United States v. Thigpen*, 85 F. App'x 541 (8th Cir. 2004).  Petitioner then filed a motion under 28 U.S.C. § 2255, which the trial court denied.  Petitioner applied for a certificate of appealability, which both the trial court and the Eighth Circuit denied.

## ANALYSIS

In his current § 2241 petition, petitioner raises three grounds for relief.  He alleges that he was denied due process because during closing argument the prosecutor referred to evidence that was not properly admitted, that he was denied due process because the jury was allowed to examine evidence that was not properly admitted, and that he was denied due process in a manner relating to "authenticity of evidence."  The Magistrate Judge determined that petitioner's § 2241 petition must be dismissed for lack of jurisdiction because petitioner is challenging the validity of his conviction.  Such a challenge must normally be brought in the trial court pursuant to 28 U.S.C. § 2255.  Petitioner cannot bring such a motion, however, because he has already sought such relief once before, and in any event such a motion would be time-barred.  28 U.S.C. § 2255.

There is a narrow exception to the exclusive remedy rule of § 2255.  Under this "safety valve," a federal prisoner may challenge the imposition of his sentence under § 2241 only if it appears that the remedy afforded by § 2255 is "inadequate or ineffective

---

[3] *United States v Thigpen*, Crim. No. 02-37 (1) (DSD/SRN) (D. Minn.).

to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1075 (8th Cir. 2000); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  A petitioner has the burden to establish that his remedy under § 2255 is inadequate or ineffective. *DeSimone*, 805 F.2d at 323.

Petitioner contends that the Court can consider his challenge under § 2241 because he is actually innocent and has been the victim of a miscarriage of justice.  The claim of actual innocence must be one of factual, not legal innocence, however.  *Lurie*, 207 F.3d at 1077 n.4.  While petitioner asserts that he is actually innocent, the basis of his claim for relief is that the jury had access to evidence that was not or should not have been admitted.  Such an argument does not support a claim of factual innocence.

Even if petitioner could demonstrate that he is actually innocent, that would not be sufficient to fit within the "inadequate or ineffective" exception to the exclusive remedy rule. *Abdullah v. Hedrick*, 392 F.3d 957, 960 (8th Cir. 2004) ("we hold that § 2255 was not inadequate or ineffective to raise Abdullah's claim because . . . regardless of his ability to demonstrate actual innocence, Adbullah [sic] did have an unobstructed procedural opportunity to raise his claim.").  Similarly, petitioner here could have, and apparently did, raise the evidentiary issue in his previous § 2255 motion.  Accordingly, petitioner has not met his burden of establishing that his remedy under § 2255 was inadequate or ineffective, and his § 2241 petition must be dismissed

.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket Nos. 6, 7] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 4]. **IT IS HEREBY ORDERED** that:

1. Petitioner's federal petition for writ of habeas corpus [Docket Nos. 1] and his motion for relief pursuant to 28 U.S.C. § 2241 [Docket No. 2] are **DISMISSED**; and

2. Petitioner's motion for leave to proceed *in forma pauperis* [Docket No. 3] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 29, 2005       s/ John R. Tunheim
at Minneapolis, Minnesota.      JOHN R. TUNHEIM
     United States District Judge